COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Lemons
Argued at Chesapeake, Virginia


ANTONIO L. WIGGINS
                                    MEMORANDUM OPINION* BY
v.    Record No. 0187-99-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       DECEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                       Joseph A. Leafe, Judge

            John T. Callahan III for appellant.

            Stephen R. McCullough, Assistant Attorney
            General (Mark L. Earley, Attorney General;
            Kathleen B. Martin, Assistant Attorney
            General, on brief), for appellee.


     Antonio L. Wiggins (appellant) was convicted in a jury

trial of robbery, unlawful wounding and use of a firearm in the

commission of a felony.  The trial court denied appellant's

pretrial motion to dismiss the indictments pursuant to the

speedy trial provisions of Code § 19.2-243.  The sole issue

raised on appeal is whether the period of time after which a

witness recovered from illness should be charged against the

Commonwealth.  For the following reasons, we affirm the trial

court's judgment.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On April 2, 1997, the grand jury charged appellant with the robbery of Linda Cook, the malicious wounding of Herbert Adkins, and the use of a firearm in the commission of these crimes. The indictments were served on appellant on April 13, 1997. Although the case was continued on numerous occasions at the requests of both appellant and the Commonwealth, the parties agree that the only time period in dispute is between February 5, 1998 and May 14, 1998.

The record established that the trial in this matter was set for February 5, 1998. Due to inclement weather, the trial court was closed on that day. Additionally, a material witness for the Commonwealth, Herbert Adkins, underwent surgery on January 27, 1998, and had not recovered by the February trial date. His doctor instructed him not to return to work "for a month to six weeks" following the surgery. Adkins, who had relocated to North Carolina following his surgery, was able to return to work in "early March."

At the June 11, 1998 hearing, appellant argued that since Adkins returned to work in "early March" and was able to travel at that time, the delay from "early March" until May 14, 1998 should be charged against the Commonwealth and the indictments

should be dismissed pursuant to Code § 19.2-243.[1]  Denying

appellant's motion, the trial court ruled as follows:

> The [speedy trial] statute does not apply to
> "such period of time as the failure to try
> the accused was caused . . . by the
> witnesses for the Commonwealth being . . .
> prevented from attending by sickness."  I
> conclude that the continuance from February
> 5, 1998 was within clause (2) [of Code
> § 19.2-243], and that the continuance did
> not run against the Commonwealth from that
> date until May 14, 1998, when both counsel
> announced they were ready to proceed.  To
> rule otherwise would subject the application
> of the statute to vagaries I cannot believe
> the General Assembly intended.

---

[1] That section provides in pertinent part:

> Where a general district court has found
> that there is probable cause to believe that
> the accused has committed a felony, the
> accused, if he is held continuously in
> custody thereafter, shall be forever
> discharged from prosecution for such offense
> if no trial is commenced in the circuit
> court within five months from the date such
> probable cause was found by the district
> court . . . .
>
> *     *     *     *     *     *     *
>
> The provisions of this section shall not
> apply to such period of time as the failure
> to try the accused was caused:
>
> *     *     *     *     *     *     *
>
> 2.  By the witnesses for the Commonwealth
> being enticed or kept away, or prevented
> from attending by sickness or accident;
> . . . .

-

Appellant was subsequently tried by a jury and convicted of the offenses charged.

## II.

This case is controlled by Townes v. Commonwealth, 234 Va. 307, 362 S.E.2d 650 (1987), where the Supreme Court rejected an argument similar to the one before us.  In Townes, the defendant argued that the period of unavailability of a witness due to illness should be limited to "the period the witness is 'prevented from attending.'"  Id. at 323, 362 S.E.2d at 658.  However, the Court disagreed and concluded that the time period must be reasonable under the circumstances of the case.  The Court wrote:

> Townes, however, reads the Code section too narrowly.  We think the language of the section allows a trial court discretion in determining the length of time a case should be continued due to the illness of a witness.  Here, the trial court stated that the period should be reasonable and then sought to determine "the feasible trial date, taking into account the length of anticipated illness of this witness."  We cannot say on this record that the trial court abused its discretion.

Id. at 323, 362 S.E.2d at 658-59.

In the present case, the trial court found that the continuance from February 5, 1998 to May 14, 1998 was a reasonable period of time.  The trial court noted that a narrower reading of the statute "would require the Commonwealth to monitor the daily health of ill witnesses."  Under the

-

circumstances of this case, including the reasonable recovery period after Adkin's prostate surgery and his relocation to North Carolina, we cannot say that the trial court abused its discretion.  Accordingly, the trial court's judgment is affirmed.

<u>Affirmed.</u>